# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-60114
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
August 28, 2025

Lyle W. Cayce
Clerk

Brenda Elizabeth Tamayo-Lara,

*Petitioner*,

*versus*

Pamela Bondi, U.S. Attorney General,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 297 886

_____

Before Jones, Richman, and Willett, *Circuit Judges*.

Per Curiam:[*]

Brenda Elizabeth Tamayo-Lara, a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying the motion to reopen she filed in October 2024. Tamayo-Lara was ordered removed in absentia after she failed to appear at her scheduled hearing on March 6, 2012. Her October 2024 motion claimed that

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

her notice to appear was defective for failing to include a hearing date and time, and the motion sought reopening of her proceedings so that she could apply for cancellation of removal.

The BIA's denial of a motion to reopen is reviewed "under a highly deferential abuse-of-discretion standard." *Alexandre-Matias v. Garland*, 70 F.4th 864, 867 (5th Cir. 2023) (internal quotation marks and citation omitted). Although Tamayo-Lara's notice to appear lacked a hearing date and time, a subsequent notice of hearing (NOH) under 8 U.S.C. § 1229(a)(2), delineating the March 6, 2012 hearing, was mailed to Tamayo-Lara's address of record with the immigration court.

Citing 8 U.S.C. § 1229a(b)(5)(C)(ii), she contends here that she is entitled to reopening because she never received the NOH. To the extent that issue has been exhausted, it fails. The agency previously determined that the NOH provided proper notice of the March 6, 2012 hearing. Given that Tamayo-Lara's October 2024 motion to reopen did not dispute that determination, she has not shown that the BIA abused its discretion by implicitly relying on the agency's earlier resolution of the issue in denying her motion pursuant to *Campos-Chaves v. Garland*, 602 U.S. 447, 450-51, 456-62 (2024). Tamayo-Lara also argues that she is entitled to apply for cancellation of removal, but we do not reach that issue because she has failed to show a basis for reopening the proceedings conducted in absentia. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii).

The petition for review is DENIED.